IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MITCHELL, #09083221, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:12-CV-1960-O-BK |
| § | | |
| DALLAS COUNTY SHERIFF § | | |
| DEPARTMENT, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the federal claims be summarily dismissed with prejudice, that any remaining state claims be dismissed without prejudice, and that sanctions be imposed.

**I. BACKGROUND**

On May 18, 2012, Plaintiff, a Dallas County jail inmate, filed a *pro se* petition, on his behalf and as representative of a class, in the 14th Judicial District Court of Dallas County. (Doc. 3 at 15). The petition alleges civil rights violations against Defendants Dallas County Sheriff Department, Officer Kalondra Davis, and three unnamed sergeants. (Doc. 3 at 15). The state court granted Plaintiff's motion to proceed *in forma pauperis* and issued process. Subsequently, the Dallas County Sheriff Department and Officer Davis removed the case to federal court and paid the statutory filing fee.

Plaintiff alleges violations of his federal and state constitutional rights, stemming from his placement in a time-out segregation cell from May 12, 2009, until May 17, 2009, where he was denied access to his personal property (including hygiene items), showers, medication,

religious books and services, "due course of law or a hearing," association with other inmates, access to the courts and his attorney, recreation and entertainment, and communication with friends and family. (Doc. 3 at 18-19). Plaintiff also complains of constitutional violations on behalf of all pre-trial detainees and convicted inmates who have been confined in time-out segregation cells during their confinement at the Dallas County Jail. *Id.* at 15 and 21. He seeks compensatory and punitive damages. *Id.* at 19-20.

Plaintiff is well versed with the federal legal system, having filed six actions in this Court alone over the last three years. Consequently, this Court recently barred him from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), the three-strike provision of the Prison Litigation Reform Act (PLRA). *See Mitchell v. Dallas County Jail, et al.*, No. 3:11cv-1608-D (N.D. Tex. Nov. 14, 2011) (collecting prior strikes and dismissals in this courts under section 1915(g)). In an apparent effort to circumvent the three-strike provision, Plaintiff filed this lawsuit in state court.[1]

## II. DISCUSSION

Notwithstanding that Defendants removed this action to federal court, Plaintiff's *pro se* complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (section 1915A statutory screening provision applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether prisoner is proceeding *in forma pauperis*); *Hawthorne v. Cain*, 54 Fed. Appx. 797, 2002

---

[1] Section 1915(g) does not apply where a prisoner plaintiff, as in this case, files a complaint in state court and the defendants remove the case to federal court, paying the statutory filing fee. *See, e.g., Stevenson v. Stroger*, 2010 WL 3632502, *1 (N.D. Ill. Sep. 8, 2010) (rejecting defendant's request to dismiss removed prisoner action because prisoner was barred by three-strike provision, but warning of additional sanctions).

WL 31845746, at *1 (5th Cir. 2002) (unpublished *per curiam*) (affirming dismissal under 28 U.S.C. §§ 1915(e) and 1915A of removed prisoner action).

Section 1915A(b) permits *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the federal claims should be dismissed as frivolous.

**A.** <u>**Federal Claims**</u>

Title 42, United States Code, section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, Plaintiff must allege facts that show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

The Court need not reach the merits of the case, however, as Plaintiff's claims are time barred. He alleges the events at issue occurred May 12-17, 2009 (Doc. 3 at 18), so the deadline

for filling suit was May 18, 2011. May 16, 2012, however, is the earliest possible date on which Plaintiff's complaint can be deemed filed.[2] Thus, more than two years have elapsed since the events giving rise to Plaintiff's claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2012).

Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period as the result of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a) (West 2012) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). His imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In any event, Plaintiff's claims also lack any basis in law. Insofar as Plaintiff complains of the conditions of confinement in administrative segregation, his allegations fail to rise to the level of a constitutional violation. Pretrial detainees may bring constitutional challenges "under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or

---

[2] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff's pleadings reflect he signed the state complaint on May 16, 2012. (Doc. 3 at 24). Thus, the earliest possible date on which Plaintiff could have handed the complaint to prison officials for mailing was May 16, 2012, which is consistent with the post-mark of May 17, 2012, and the receipt and filing by the state district clerk on May 18, 2012. *Id.* at 15, 25.

omission.'" *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (*en banc*)). In a conditions of confinement case, a detainee must establish that the complained of condition amounted to punishment and was not incident to some other legitimate governmental purpose. *Shepherd*, 591 F.3d at 452 (citing *Bell v. Wolfish,* 441 U.S. 520, 535, 538 (1979)). In an episodic act case, a detainee must establish that the defendants acted with subjective deliberate indifference. *Id.*[3]

Here, Plaintiff complains in general of the conditions of the segregation cells where he was confined – namely, that he was denied access to his personal property (including hygiene items), showers, medication, religious books and services, and recreation and exercise. (Doc. 3 at 18-19). Even assuming Plaintiff has sufficiently alleged a conditions of confinement case, none of the complained of conditions is more than a *de minimis* violation. *See Duvall v. Dallas County*, 631 F.3d 203, 208 (5th Cir. 2011).

The *de minimis* exception provides a significant threshold to liability:

> [I]solated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate. Nor can the incidence of diseases or infection, standing alone, imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks .... Rather, a detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs.

*Id.* (quoting *Shepherd*, 591 F.3d at 454).

Plaintiff has not alleged a persistent failure to provide for his basic human needs or conditions amounting to punishment. Moreover, his five-day confinement in administrative

---

[3] Plaintiff concedes he was a pretrial detainee during the events at issue and that he was not convicted until November 2010. (Doc. 3 at 18; *see also Mitchell v. Dallas County*, No. 3:11-CV-01608-D, Doc. 10, ans. 2).

segregation was only temporary.  Having failed to allege more than a *de minimis* incident, his allegations are insufficient to raise a conditions-of-confinement claim of constitutional dimension.

Nor can Plaintiff raise a due process claim stemming from the denial of a hearing before his confinement in administrative segregation.  In the absence of extraordinary circumstances, administrative segregation does not impose an atypical and significant hardship required to trigger the protections of the Due Process Clause.  *See Hernandez v. Velasquez,* 522 F.3d 556, 562-63 (5th Cir. 2008) (*per curiam*) (collecting cases).  Plaintiff does not allege extraordinary circumstances in connection with his temporary placement in a time-out segregation cell.  *Id.* at 63-64.

It should also be noted that Defendant Dallas County Sheriff's Department is not subject to suit under section 1983.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *see also Johnson v. Dallas County Sheriff Dept.*, No. 3:08-CV-0423-G, 2008 WL 2378269 (N.D. Tex. June 6, 2008) (Dallas County Sheriff's Department is not a jural entity that can be sued). [4]

Accordingly, because Plaintiff's federal claims lack an arguable basis in law, they should be dismissed with prejudice as frivolous.

---

[4] *Pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action.  *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993).  However, because Plaintiff's claims are time barred and meritless, it would be futile to grant Plaintiff an opportunity to amend.

<u>Claims on Behalf of Other Inmates and as Class Representative</u>

In addition to his individual claims, Plaintiff seeks to sue on behalf of all Dallas County Jail inmates who have been confined in a time-out segregation cell. (Doc. 3 at 15, 21). To the extent Plaintiff requests to join additional prisoner plaintiffs to this action, his request should be denied. The PLRA requires each prisoner plaintiff to pay the court filing fee regardless of whether prisoners join in one action or each file an individual action. *See* 28 U.S.C. § 1915(b)(1); *Boriboune v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197-1198 (11th Cir. 2001). Moreover, joinder of multiple-prisoner cases is impracticable. *Richardson v. Morris County Correctional Facility*, 2006 WL 1582076, *1 (D.N.J. Jun. 5, 2006) (cited cases omitted) ("Courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20, of the Federal Rules of Civil Procedure.").

Likewise, insofar as Plaintiff seeks to institute a class action, his request should be denied. Plaintiff has not complied with Local Rule 23.1 and 23.2 regarding the institution of class actions. In any event, it is inappropriate to allow a *pro se* litigant to serve as class representative. *See Fymbo v. State Farm Fire & Casualty Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000).

**B.**     **<u>State Law Claims</u>**

To the extent Plaintiff also alleges violations of his state constitutional rights (Doc. 3 at 17), the Court should decline to exercise supplemental jurisdiction over any such claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over related state claims if "the district court has dismissed all claims over which it has original jurisdiction").

Accordingly, any remaining state-law claims raised by Plaintiff should be dismissed without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

**C.     Sanctions**

On July 12, 2012, Plaintiff filed "Class Action" lawsuit against the Dallas County Jail in this Court, raising virtually identical issues as those raised in the case *sub judice*. *Mitchell v. Dallas County*, No. 3:11-CV-01608-D (N.D. Tex. 2011) (Doc. 2 at 4). That complaint was dismissed on November 14, 2011, on the recommendation of the magistrate judge, as barred by the three strikes provision of section 1915(g). (*Id*. at Doc. 14). Based on these facts, the undersigned finds that Plaintiff subsequently filed this lawsuit in state court to circumvent the Court's three-strike order and, consequently, sanctions are appropriate. "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995). Accordingly, Plaintiff should be barred from filing any non-habeas civil action, whether filed in this court, removed from state court, or transferred from another federal court, unless he pays the full filing fee or seeks leave to file. *See Ruston v. Dallas County*, No. 3:07cv1076-D, 2008 WL 958076, *4 (N.D. Tex. Apr. 9, 2008) (imposing similar sanction on a barred prisoner litigant who filed state court action to avoid three-strike provision in federal court).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's federal constitutional claims be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915A(b), and that any remaining state constitutional claims be **DISMISSED** without prejudice under 28 U.S.C. §1367(c)(3).

It is further recommended that Plaintiff be **BARRED** from filing a non-habeas civil action in this Court unless he pays the full filing fee for such action or he has obtained leave to pursue the action by a judge of this court.  A "non-habeas civil action" includes complaints submitted to the clerk of this court for filing and any civil case removed from a Texas state court or transferred to this court by another federal court which asserts claims and/or names defendants which could or should have been filed in the first instance in this court.  In the event that a case is removed or transferred to this court, the same will be subject to summary dismissal unless within twenty-one days of the date of removal or transfer, Plaintiff files a motion showing good cause why leave should be granted to permit him to proceed with his case in this court.

SIGNED July 12, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE