**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES MITCHELL, #09083221,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:12-CV-1960-O-BK** |
| | § | |
| **DALLAS COUNTY SHERIFF** | § | |
| **DEPARTMENT, et al.,** | § | |
| **Defendants.** | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

In May 2012, Plaintiff, a Dallas County jail inmate, filed a *pro se* petition in the 14th Judicial District Court of Dallas County alleging federal and state constitutional violations.  In July 2012, shortly after Defendants removed the case to federal court, the undersigned recommended that the federal claims be summarily dismissed with prejudice as frivolous, that any remaining state claims be dismissed without prejudice, and that sanctions be imposed because Plaintiff filed this lawsuit in state court to circumvent a November 2011 three-strike order.  Plaintiff timely objected claiming the Magistrate Judge's recommendation deprived him of the 21-day period  to file a certificate of interested persons.  (Doc. 9, 10).  Subsequently, on December 28, 2012, Plaintiff filed a *Motion to Clarify and Exert Texas (State) Constitutional Claim of Violations and Withdraw All United States Constitutional Claims in the Original Complaint*.  (Doc. 11).  In essence, he seeks to dismiss the federal claims and remand the state claims.

In dismissing his federal claims, Plaintiff again attempts to circumvent the three-strike bar, which he initially sought to avoid by filing in state court.  Plaintiff also tries to avert the additional sanction that the undersigned recommended because of his attempt to avoid the three-

strike bar.  In addition, since the undersigned recommended that the state law claims be

dismissed without prejudice, Plaintiff is not precluded from re-filing any state-law claims in state

court.  Accordingly, Plaintiff's requests to dismiss his federal claims and remand his state claims

should be denied.

For the foregoing reasons, it is recommended that Plaintiff's *Motion for Right to File*

*Certificate of Service* and *Motion to Clarify and Exert Texas (State) Constitutional Claim of*

*Violations and Withdraw All United States Constitutional Claims in the Original Complaint*

(Doc. 10, 11) be **DENIED**.

SIGNED January 7, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE